**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED
NOV 19 2026
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 5:26CR132-KKC-EBA
**21 U.S.C. § 841(a)(1)**

**CHRISTOPHER MOLAND**

* * * * *

**THE GRAND JURY CHARGES:**

On or about August 11, 2026, in Fayette County, in the Eastern District of Kentucky,

**CHRISTOPHER MOLAND**

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**21 U.S.C. § 851 Enhancement**

Before **CHRISTOPHER MOLAND** committed the offense charged in this count, he had a final conviction for a serious drug felony, namely, conspiracy to possess with the intent to distribute 50 grams or more of mixture of substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

1. By virtue of the commission of the felony offense alleged in the Indictment, **CHRISTOPHER MOLAND** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. § 841. Any and all interest that **CHRISTOPHER MOLAND** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
Approximately $13,469.00 in United States currency.

3. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]
**FOREPERSON**

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**EMILY K. GREENFIELD**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years of supervised release.

**If prior serious drug felony offense**: Not less than 15 years nor more than life imprisonment, not more than a $ 20,000,000 fine, and at least 10 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Forfeiture, if applicable.